McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIDEL SANCHEZ-CRUZ, AND<br>AGUSTIN CRUZ-SANCHEZ,<br><br>Defendants. | CASE NO. 2:18-CR-0171-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: January 9, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
|---|---|

**STIPULATION**

1. By previous order, this matter was set for status on January 9, 2020.

2. In a minute order issued on December 18, 2019, the Court continued the January 9, 2020, status conference to April 16, 2020, and encouraged the parties to file a notice of exclusion of time if amenable. *See* ECF No. 84.

3. By this stipulation, defendants now move to continue the status conference until April 23, 2020, and to exclude time between January 9, 2020, and April 23, 2020, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes more than 13,000 pages of investigative reports, photographs, and other documents, as well as video and audio recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. In addition, the government has

produced to defendant Cruz-Sanchez the contents of his seized cell phone, consisting of hundreds of photographs, videos, and other files.

  b) Counsel for defendants desire additional time to review the discovery and discuss it with their clients, to conduct investigation, to evaluate a potential motion to suppress, and to otherwise prepare for trial.

  c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d) The government does not object to the continuance.

  e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 9, 2020 to April 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**[CONTINUED ON NEXT PAGE]**

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 7, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney

Dated: January 7, 2020

/s/ DINA SANTOS
DINA SANTOS
Counsel for Defendant
FIDEL SANCHEZ-CRUZ

Dated: January 7, 2020

/s/ HAYES H. GABLE, III
HAYES H. GABLE, III
Counsel for Defendant
AGUSTIN CRUZ-SANCHEZ

**ORDER**

IT IS SO ORDERED.

Dated: January 10, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE