McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-0171-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| FIDEL SANCHEZ-CRUZ, and AGUSTIN CRUZ-SANCHEZ | DATE: June 4, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

On March 23, 2020, the Court continued the status conference scheduled for April 23, 2020, to May 7, 2020, in keeping with General Orders 611 and 612. *See* ECF No. 91. On April 22, 2020, the Court continued the May 7, 2020, status conference to June 4, 2020, based General Orders 611 and 617. *See* ECF No. 96. These minute orders excluded time under the Speedy Trial Act based on findings that doing so was necessary in the interest of public health and safety. As permitted by these minute orders, the parties submit this stipulation to provide additional bases supporting the exclusion of time from April 23, 2020 through June 4, 2020.

This Court issued General Order 611 on March 17, 2020, suspending all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This Court issued General Order 612 on March 18, 2020, allowing district judges to continue all criminal matters to a date after May 1, 2020, excluding time under the Speedy Trial Act with reference to General Order 611, with additional findings

to support the exclusion in the Judge's discretion.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  These General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 23, 2020.

2. In a minute order issued March 23, 2020, the Court continued the April 23, 2020, status conference to May 7, 2020, "in the interest of public health and safety," and excluded time by reference to General Order 611. ECF No. 91.

3. In a minute order issued April 22, 2020, the Court continued the May 7, 2020, status conference to June 4, 2020, "in the interest of public health and safety." ECF No. 96. The Court also excluded time by reference to General Orders 611 and 617 and based on specific findings in the minute order that failure to exclude time would result in a miscarriage of justice in light of the public health concerns posed by COVID-19. *Id.* The minute order also permitted the parties to "file a stipulation regarding the exclusion of time as well." *Id.*

4. By this stipulation, the parties move to exclude time between April 23, 2020, and June 4, 2020, under Local Code T4.

5. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes more than 13,000 pages of investigative reports, photographs, and other documents, as well as video and audio recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. In addition, the government has

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

produced to defendant Cruz-Sanchez the contents of his seized cell phone, consisting of hundreds of photographs, videos, and other files.

   b) Counsel for defendants desire additional time to review the discovery and discuss it with their clients, to conduct investigation, to evaluate a potential motion to suppress, and to otherwise prepare for trial.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel for defendants are in high-risk categories or COVID-19, as recognized by the Centers for Disease Control.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 23, 2020 to June 4, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**[CONTINUED ON NEXT PAGE]**

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: April 23, 2020 | McGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ DAVID W. SPENCER<br>DAVID W. SPENCER<br>Assistant United States Attorney |
| Dated: April 23, 2020 | /s/ DINA SANTOS<br>DINA SANTOS<br>Counsel for Defendant<br>FIDEL SANCHEZ-CRUZ |
| Dated: April 23, 2020 | /s/ HAYES H. GABLE, III<br>HAYES H. GABLE, III<br>Counsel for Defendant<br>AGUSTIN CRUZ-SANCHEZ |

**ORDER**

IT IS SO ORDERED.

Dated: April 24, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE