McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:18-CR-00171-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| FIDEL SANCHEZ-CRUZ, and AGUSTIN CRUZ-SANCHEZ, | DATE: February 11, 2021 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

On December 4, 2020, the Court continued the status conference scheduled January 28, 2021, to February 11, 2021, on the Court's own motion.  ECF No. 143.  The minute order "encouraged [the parties] to file a Notice of Exclusion of Time if amenable and applicable."  *Id.*  By this stipulation, the parties now move to continue the status conference to May 27, 2021, and to exclude time between January 28, 2021, and May 27, 2021, under Local Code T4, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

1   judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

2   as well as the declarations of judicial emergency, were entered to address public health concerns related

3   to COVID-19.

4          Although the General Orders and declarations of emergency address the district-wide health

5   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

6   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

7   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

8   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

9   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

10  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

11  findings on the record "either orally or in writing").

12         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

14  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

15  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

16  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

17  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

18  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

19  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

20         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

21  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

22  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

23  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

24  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

25  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

26  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

27

28         ────────────────
       [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME            2
    PERIODS UNDER SPEEDY TRIAL ACT

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 28, 2021.

2. By this stipulation, defendants now move to continue the status conference to May 27, 2021, and to exclude time between January 28, 2021, and May 27, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes more than 13,000 pages of investigative reports, photographs, and other documents, as well as video and audio recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) On August 21, 2020, the Court appointed attorney Toni White as counsel to represent Defendant Agustin Cruz-Sanchez.

c) Counsel for defendants desire additional time to review the discovery and discuss it with their clients, to conduct investigation, to evaluate a potential motion to suppress, and to otherwise prepare for trial.

///
///
///
///

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1        d)      Counsel for defendants believe that failure to grant the above-requested

2  continuance would deny them the reasonable time necessary for effective preparation, taking into

3  account the exercise of due diligence.

4        e)      In addition to the public health concerns cited by the General Orders and

5  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

6  ends-of-justice delay is particularly apt in this case because counsel for defendant is in a high-

7  risk category for COVID-19, as recognized by the Centers for Disease Control.

8        f)      Based on the above-stated findings, the ends of justice served by continuing the

9  case as requested outweigh the interest of the public and the defendant in a trial within the

10  original date prescribed by the Speedy Trial Act.

11        g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

12  et seq., within which trial must commence, the time period of January 28, 2021 to May 27, 2021,

13  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4].

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4      IT IS SO STIPULATED.

5

6

7 Dated:  January 29, 2021                       McGREGOR W. SCOTT
                                       United States Attorney

8

9                                          /s/ DAVID W. SPENCER
                                         DAVID W. SPENCER

10                                          Assistant United States Attorney

11 Dated:  January 29, 2021                       /s/ Dina Santos

12                                          Dina Santos
                                         Counsel for Defendant

13                                          FIDEL SANCHEZ-CRUZ

14 Dated:  January 29, 2021                       /s/ Toni White

15                                          Toni White
                                         Counsel for Defendant

16                                          AGUSTIN CRUZ-SANCHEZ

17                               **ORDER**

18      IT IS SO ORDERED.

19

20

21 Dated:  February 8, 2021

22

23                                      MORRISON C. ENGLAND, JR
                                     SENIOR UNITED STATES DISTRICT JUDGE

24

25

26

27

28