UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FIDEL SANCHEZ-CRUZ,<br>Defendant. | No. 2:18-cr-00171-TLN-1<br><br>**ORDER** |

This matter is before the Court on Defendant Fidel Sanchez-Cruz's ("Defendant") Motion for Sentence Reduction. (ECF No. 280.) The Government filed an opposition. (ECF No. 282.) For the reasons set forth below, the Court DENIES Defendant's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2022, Defendant pleaded guilty to Conspiracy to Manufacture Marijuana in violation of 21 U.S.C. § 846, 841(a)(1) (Count 1), Manufacture of Marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 2), and Depredation of Public Lands and Resources in violation of 18 U.S.C. § 1361 (Count 3). (ECF No. 179.)

In the presentence report ("PSR"), the probation officer found a total offense level of 33 and a criminal history category of I based on a criminal history score of zero. (ECF No. 194 at 10–13.) The PSR identified Defendant's advisory guideline range as 135 to 168 months in

prison. (ECF No. 194 at 18.) Ultimately, on July 13, 2023, the Court adopted the findings in the PSR and sentenced Defendant to 135 months on Counts 1 and 2, and 120 months on Count 3, to be served concurrently. (ECF No. 247.)

On December 19, 2025, Defendant, proceeding pro se, filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction when a defendant's guideline range has subsequently been lowered by the Sentencing Commission. (ECF No. 280.) Defendant's request is based on Amendment 821, which became effective in November 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. § 1B1.10.

## II. STANDARD OF LAW

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes a [sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). However, a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Guidelines policy statement provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

As such, the court conducts a two-step inquiry to determine if a prisoner is eligible for relief under § 3582(c)(2). *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826); *see also United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (same). The court begins by "determining the amended guidelines range that would have been

applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). If a defendant is found "eligible" under the first step, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine whether, in its discretion, "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *Dunn*, 728 F.3d at 1155. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Brito*, 868 F.3d at 880 (quoting Dunn, 728 F.3d at 1157).

As to the eligibility prong, two provisions of Amendment 821 apply retroactively. U.S.S.G § 1B1.10(d). First, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). In prior versions, a defendant who committed an offense while under a criminal justice sentence, including *inter alia* probation, received two status points. U.S.S.G. § 4A1.1(d) (2021). Under the amended provision, a defendant who receives seven or more criminal history points now receives one additional status point for an offense under a criminal justice sentence, while a defendant with six or less criminal history points receives no additional status points. *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Second, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for offenders who meet certain enumerated criteria, including that they did not possess a firearm in connection with the offense or receive an adjustment for an aggravating role in the offense. U.S.S.G. § 4C1.1(a).

## III. ANALYSIS

Defendant moves for a sentence reduction under Amendment 821 under either the "status point" or "zero-point offender" provision. (ECF No. 280 at 1.) The Government argues Defendant does not qualify for a sentence reduction under either of Amendment 821's retroactive provisions because he did not receive any status points in the first instance and his sentencing enhancements for possession of a firearm and aggravating roles render him ineligible for the

"zero-point offender" reduction. (ECF No. 282 at 3.)

The Court agrees with the Government. Defendant is not eligible for a retroactive sentence reduction under Amendment 821. First, no status points were applied in calculating Defendant's sentencing guideline range. (ECF No. 194.) Because the application of the amended "status point" provision does not have the effect of lowering Defendant's guideline range, the Court is not authorized under 18 U.S.C. § 3582(c)(2) to reduce his sentence under the provision. *See* U.S.S.G. § 1B1.10(a)(2). Second, Defendant does not qualify for the "zero-point offender" adjustment because he does not meet the necessary criteria. U.S.S.G. § 4C1.1(a). Specifically, this Court applied sentencing enhancements for Defendant's aggravating role and possession of a firearm in connection with the offense. (ECF No. 194 at 10–12.) *See* U.S.S.G. § 4C1.1(a)(7), (10) (identifying firearm and aggravating role enhancements as disqualifying for "zero-point offender" adjustment). Defendant challenged this Court's application of both enhancements, and the Ninth Circuit affirmed each. (ECF No. 278.) Consequently, Defendant does not qualify for the "zero-point offender" adjustment.

Because Defendant's sentence would not be reduced under the "status point" provision and he does not meet the criteria for the "zero-point offender" provision, Defendant is not eligible for a sentence reduction under Amendment 821.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for a Sentence Reduction (ECF No. 280) is DENIED.

IT IS SO ORDERED.

Date: October 13, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE